**ANDREW LAH**
California State Bar No. 234580
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467/Fax: (619) 687-2666
E-Mail: andrew_lah@fd.org

Attorneys for Mr. Cira-Ramirez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE WILLIAM Q. HAYES)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 08CR2429-WQH (WMC) |
| Plaintiff, ) | DATE: August 14, 2008 |
| ) | TIME: 9:30 a.m. |
| v. ) | |
| ) | **DEFENDANT'S RESPONSE AND** |
| ODILON CIRA-RAMIREZ, ) | **OPPOSITION TO MATERIAL WITNESS'** |
| ) | **MOTION FOR VIDEOTAPED DEPOSITIONS** |
| Defendant. ) | |

**I.**

**STATEMENT OF FACTS**

The following statement of facts and facts further cited in this motion are based primarily on the probable cause statement. Mr. Cira-Ramirez in no way admits the truth of these facts nor their accuracy as cited in these motions. Further, Mr. Cira-Ramirez reserves the right to challenge the truth and accuracy of these facts in any subsequent pleadings or during any further proceedings.

On July 8, 2008, Border Patrol Agent Busiere were working in an area known as Carrizo Springs, California, approximately 17 miles east of the Tecate, California Port of Entry and 8 miles north of the United States/Mexico border. Agent Busiere came upon Moises Ramirez-Valdez, and learned from Mr. Ramirez that he was traveling with a group of three before he left his group behind. Ramirez related that he believed there were a number of individuals lost in the desert, and that at least one individual in his group was dead.

//

1    Subsequent to discovering Mr. Ramirez, Border Patrol agents engaged in a rescue operation, ultimately
2 leading to the discovery of three deceased individuals. The surviving members of the group were discovered
3 and later detained as material witnesses. Mr. Cira-Ramirez, Gerardo Salta-Rocha, and Jose Hernandez-Rivas
4 were arrested in connection with alien smuggling. On July 23, 2008, the government charged Mr. Cira-
5 Ramirez by way of indictment with six counts alleging violations of various sections of 8 U.S.C. § 1324,
6 including bringing in illegal aliens resulting in death. Counts one and three of the indictment, charging alien
7 smuggling resulting in death, carry a potential punishment of death.

8    On August 11, 2008, Gayle Mayfield-Venieris, attorney for the material witness, filed an amended
9 motion for a videotaped deposition pursuant to 18 U.S.C. § 3144, alleging that Mr. Ramirez, a material
10 witness, has no prospects for securing release on bond. This response and opposition follows.

**II.**

**THE MOTION FOR THE MATERIAL WITNESSES' DEPOSITION SHOULD BE DENIED BECAUSE THE DEPOSITION AND/OR RELEASE OF THE MATERIAL WITNESS WOULD VIOLATE MR. CIRA-RAMIREZ'S CONSTITUTIONAL RIGHTS, THE MOTION IS MADE PREMATURELY, AND THERE HAS BEEN NO SHOWING OF WITNESS UNAVAILABILITY.**

15    Title 18, United States Code § 3144 governs the detention of individuals who may give testimony
16 material to a criminal proceeding. This section provides that where the witness is not able to meet the
17 conditions of the bond set by the court and is detained, the court may order the deposition of the witness where
18 (1) deposition may secure the testimony of the witness and (2) further detention is not necessary to prevent
19 a failure of justice. See 18 U.S.C. § 3144. In this case, the material witnesses have moved for videotaped
20 depositions pursuant to 18 U.S.C. § 3144. Although a deposition may secure the material witnesses'
21 testimony, this Court should order the material witnesses' continued detention in order to protect Mr. Cira-
22 Ramirez's constitutional rights. In the alternative, this Court should modify the conditions of release so that
23 the material witnesses can remain in the United States until this case is resolved.

24    Depositions in criminal cases are generally disfavored for several reasons, including the threat to the
25 defendant's Sixth Amendment confrontation rights. United States v. Drogoul, 1 F.3d 1546, 1551-52
26 (11th Cir. 1993). All defendants have the right to confront witnesses against them. See U.S. CONST.
27 Amend. VI. The Supreme Court's decision in Crawford v. Washington, 541 U.S. 36 (2004), reaffirmed this
28 principle—developed at common law and incorporated into the Confrontation Clause of the

Sixth Amendment by the Framers—that testimonial statements may not be admitted against a defendant where the defendant has not had the opportunity to cross-examine the declarant. This is true even where the statements fall within a "firmly rooted hearsay exception" or bear "particularized guarantees of trustworthiness." Id. at 60.

In Crawford, the Supreme Court noted that the Sixth Amendment was drafted in order to protect against the "civil-law mode of criminal procedure" and "its use of *ex parte* examinations as evidence against the accused." Id. at 50. Such *ex parte* examinations implicate Sixth Amendment concerns because they are "testimonial" in nature. The "text of the Confrontation Clause reflects this focus" and applies to "witnesses against the accused - in other words, those who bear testimony." Id. at 51 (internal quotations omitted). Although the Supreme Court declined to define "testimonial" evidence, they noted that an "accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not." Id. The Confrontation Clause does not permit such testimonial statements to be admitted at trial against an accused without the constitutionally prescribed method of determining reliability, *i.e.*, confrontation. Id. at 61-65. In other words, "[w]here testimonial evidence is at issue . . . the Sixth Amendment demands . . . unavailability [of the declarant] and a prior opportunity for cross-examination." Id. at 68.

Despite Crawford's broad prohibition of testimonial statements at trial where the defendant has no opportunity to confront the witness, there are some situations in which depositions may nonetheless be taken. In these situations, the burden is on the moving party to establish *exceptional circumstances* justifying the taking of depositions. Drogoul, 1 F.3d 1546 at 1552 (citing United States v. Fuentes-Galindo, 929 F.2d 1507, 1510 (10th Cir. 1991)). The trial court's discretion is generally guided by consideration of certain "critical factors," such as whether (1) the witness is unavailable to testify at trial; (2) injustice will result because testimony material to the nonmoving party's case will be absent; and (3) countervailing factors render taking the deposition unjust to the nonmoving party. Id. at 1552.

When considering this issue, this Court must balance the interests of the government and the accused, as well as the interests of the material witnesses. Although the material witnesses may have a liberty interest at stake, that interest is outweighed by Mr. Cira-Ramirez's weighty constitutional rights of confrontation and due process of law. The Confrontation Clause serves several purposes: "(1) ensuring that witnesses will

testify under oath; (2) forcing witnesses to undergo cross-examination; and (3) permitting the jury to observe the demeanor of witnesses." United States v. Sines, 761 F.2d 1434, 1441 (9th Cir. 1985). It allows the accused to test the recollection and the conscience of a witness through cross-examination and allows the jury to observe the process of cross-examination and make an assessment of the witness' credibility. Maryland v. Craig, 497 U.S. 836, 851 (1989); Ohio v. Roberts, 448 U.S. 56, 63-64 (1980). In a case such as the one, where the material witness has received the benefit of the Government refraining from pressing criminal charges in return for his testimony against the accused,[1] it is important that the jury see the reaction and demeanor of the material witness when they are confronted with questions that will bring out such facts in order for the jury to decide whether to believe her statements and/or how much credit to give to his testimony. The jury's ability to make such an assessment would be compromised by a videotaped deposition because the tape may not preserve subtle reactions of the witnesses under cross-examination that may favor the accused.

Further, Counts one and three of the indictment are potential capital offenses. In addition to Crawford's Sixth Amendment protections, the possibility of a capital trial raises additional Fifth, Sixth, and Eighth Amendment concerns. As the Supreme Court has made clear, "[i]n capital proceedings generally, th[e] Court has demanded that factfinding procedures aspire to a heightened state of reliability. This especial concern is a natural consequence of the knowledge that execution is the most irremediable and unfathomable of penalties; that death is different." Ford v. Wainwright, 477 U.S. 399, 411 (1986). To order a deposition at this juncture would undermine the reliability required by the Eighth Amendment.

Moreover, should this case be tried as a capital case, Mr. Cira-Ramirez is entitled to present mitigation evidence pursuant to 18 U.S.C. Section 3592(a). It has long been held that "mitigation" broadly includes any aspect of a defendant's character or record and any of the circumstances of the offense that may be proffered as a basis for a sentence less than death. Lockett v. Ohio, 438 U.S. 586 (1978). Given the extreme circumstances presented here by the relative infancy of this case, and Mr. Cira-Ramirez's alleged

---

[1] This Court should be mindful of the fact that the only reason the Government has not charged the material witnesses with a crime is that the Government seeks to introduce their testimony against the accused. The material witnesses could have been charged with illegal entry under 8 U.S.C. § 1325, which carries a maximum sentence of six (6) months imprisonment. Needless to say, the Government would not concern itself with the material witnesses' liberty interests had it, in fact, charged them with this offense.

interaction with the individual currently held as a material witness, it is entirely unclear whether that individual may hold mitigating evidence or whether Giglio evidence may exist to impeach that witness. In short, it is entirely premature to release a potential witness where the Department of Justice has yet to reach a decision of whether to prosecute this case pursuant to 18 U.S.C. Section 3593.

**III.**

**NO EXCEPTION CIRCUMSTANCES HAVE BEEN SHOWN PURSUANT TO FED.R.CRIM.P. 15(a)**

Moreover, the decision to grant video depositions is governed by Federal Rule of Criminal Procedure 15(a) which states that a material witness' deposition may be taken only upon a showing of "exceptional circumstances" – language in the Rule ignored by the material witness's memorandum. See Fed.R.Crim.P. 15(a), United States v. Omene, 143 F.3d 1167, 1170 (9th Cir. 1998). The material witness here has failed to demonstrate any "exceptional circumstances" justifying the impingement of Mr. Cira-Ramirez's Sixth Amendment rights. No declaration has been filed outlining any such hardship. Nowhere in the pleading does the material witness suggest *any* family hardship or extraordinary circumstances. Indeed, one of the few factual reasons articulated in the motion is the allegation that Mr. Ramirez is a minor. See Memorandum in Support of Motion for Video Deposition and Release of Material Witness, p.3, ln. 17. However, the discovery provided by the government indicates that Mr. Ramirez is 27 years old, with a birth date of April 18, 1981.

The material witness reliance on Torres-Ruiz v. United States District Court, 120 F.3d 933, 935 (9th Cir. 1997), is misplaced. First, in Torres-Ruiz the material witness' motion for videotape deposition was unopposed by the defendant. 120 F.3d at 934-35. Second, in Torres-Ruiz, the defendant entered a guilty plea less than two weeks after the motion for deposition was made, indicating that the case was already near disposition when the motion was made. Id. at 936-37. As of now, however, the instant case stands in a much different procedural posture. Third, in Torres-Ruiz, the Ninth Circuit based its decision in part on the fact that the material witnesses "have apparently been randomly selected out of a group of 27 undocumented aliens ... in a straightforward and uncomplicated alien smuggling prosecution." That is a far cry from this case, in which Mr. Cira-Ramirez has been indicted on multiple alien smuggling counts, including alien smuggling resulting in death counts.

//

1    Mr. Cira-Ramirez has pled not guilty to all counts of the Indictment. The defense has yet to conduct
2 extensive investigation in this case, and only received the videotapes of the material witness' interviews this
3 week on August 12. In short, it is very early in the case. To require Mr. Cira-Ramirez to cross-examine the
4 material witnesses at the current juncture of the proceedings would severely prejudice his future trial rights.
5 Any cross examination of the material witnesses at this point would be at best meaningless, and at worst
6 ineffective and potentially harmful to Mr. Cira-Ramirez and his defense.

7    Finally, if the Court determines that the issue must be addressed at this point in time, the Court can
8 easily resolve the issue by modifying the conditions of release for the material witness so that his continued
9 detention would be unnecessary. Conditions of release for material witnesses is governed by 18 U.S.C.
10 § 3142. Under this section, "[t]he judicial officer **shall** order the pretrial release of the person on personal
11 recognizance, or upon execution of an unsecured personal appearance bond . . . unless the judicial officer
12 determines that such release will not reasonably assure the appearance of the person as required." 18 U.S.C.
13 § 3142(b). Moreover, the Bail Reform Act states that "[t]he judicial officer may not impose a financial
14 condition that results in the pretrial detention of the person." 18 U.S.C. § 3142(c)(2). This mandate,
15 combined with the preference for release upon one's own recognizance, strongly suggests that the proper
16 remedy for the material witness in this case is a motion to modify the terms of his release, not for the
17 draconian remedy of immediately ordering a videotaped deposition and deporting the material witnesses to
18 Mexico.

19    The material witness alleges that he cannot secure a personal surety able to post an appearance bond.
20 Nowhere, however, does Mr. Ramirez state his unwillingness to remain in the United States during the
21 pendency of this case. This Court can, and should, modify the material witnesses' bonds to allow their release
22 pre-trial, while at the same time safeguarding Mr. Cira-Ramirez's Sixth Amendment rights. The material
23 witnesses have no incentive not to come back to court to testify. The material witnesses are not being charged
24 with a crime. The material witnesses have no incentive to flee the country. Indeed, if the statement of facts
25 in support of the complaint in this case is to be believed, this material witnesses were prepared to pay money
26 to be smuggled illegally into the United States by friends and family members in the United States. Therefore,
27 they obviously wants to remain in this country, fully within the subpoena power of the Court.
28 //

## III.

## **CONCLUSION**

For the reasons stated above, Mr. Cira-Ramirez respectfully requests that this Court deny the material witness' motion for a videotaped deposition.

Respectfully submitted,

DATED:    August 13, 2008      *s/ Andrew Lah*
**ANDREW LAH**
Federal Defenders of San Diego, Inc.
Attorneys for Cira-Ramirez

1  **ANDREW LAH**
   California State Bar No. 234580
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, California 92101-5008
   Telephone: (619) 234-8467 Ext. 3737
4  Facsimile:  (619) 687-2666
   andrew_lah@fd.org
5

6  Attorneys for Mr. Cira-Ramirez

7

8                 UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA, | ) | Case No. 08cr2429-WQH |
   |   | ) |   |
12 | Plaintiff, | ) |   |
   |   | ) |   |
13 | v. | ) | **PROOF OF SERVICE** |
   |   | ) |   |
14 | **ODILON CIRA-RAMIREZ,** | ) |   |
   |   | ) |   |
15 | Defendant. | ) |   |
   |   | ) |   |
16

17         Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of

18 his information and belief, and that a copy of the foregoing document has been served via CM/ECF this day

19 upon:

20         **Assistant United States Attorney**
           efile.dkt.gc1@usdoj.gov
21

22 Dated: August 13, 2008                    *s/ ANDREW LAH*
                                             **ANDREW LAH**
23                                           Federal Defenders of San Diego, Inc.,
                                             andrew_lah@fd.org
24

25

26

27

28